**BASIN ELECTRIC POWER COOPERATIVE; Dakota Fire and Safety Equipment Company, Inc.; and Pump Systems, Inc., Petitioners and Appellees,**

v.

**MIDWEST PROCESSING COMPANY, Debtor and Appellant.**

Civ. No. A4–84–148.

United States District Court,
D. North Dakota,
Northwestern Division.

May 2, 1986.

Bruce E. Bohlman, Grand Forks, N.D., Jack McDonald, Jr., Bismarck, N.D., Michael Maus, Dickinson, N.D., for petitioners and appellees.

Neal L. Wolf and Robert R. Steffek, Jr., Chicago, Ill., Timothy Q. Davies, Fargo, N.D., for debtor and appellant.

William P. Westphal, Minneapolis, Minn., U.S. Trustee.

ORDER

VAN SICKLE, District Judge.

Midwest Processing Company (MPC) has filed a "Motion to Withdraw Reference to Bankruptcy Court of Motion for Judgment Under Section 303(i)." Basin Electric Power Cooperative (Basin) opposes that motion.

On March 29, 1984, Basin filed an involuntary petition in bankruptcy against MPC. On April 6, 1984, MPC moved to dismiss that petition and also filed the motion for judgment now at issue. On May 24, 1984, the Bankruptcy Court ordered relief against the debtor MPC. By order filed December 14, 1985, 47 B.R. 903, this court reversed the May 24, 1984 order of the Bankruptcy Court; in reversing that order, this court concluded that the Bankruptcy Court erred in not dismissing the involuntary petition for failure to meet the three creditor requirement and for Basin's bad faith in filing the petition. This court's decision was affirmed by the United States Court of Appeals for the Eighth Circuit on July 30, 1985, 769 F.2d 483, and the United States Supreme Court denied certiorari on the matter on January 21, 1986, —— U.S. ——, 106 S.Ct. 854, 88 L.Ed.2d 894.

Section 303(i) provides that, if an involuntary petition is dismissed other than on the consent of all parties, the court may grant judgment against a petitioner who filed a petition in bad faith; that judgment may

include any damages proximately caused by the filing, or punitive damages. MPC argues that since this court—rather than the Bankruptcy Court—made the determination that Basin's petition was filed in bad faith, this court is in a better position than is the Bankruptcy Court to assess damages against Basin. MPC thus seeks withdrawal of reference of its motion.

In accordance with 28 U.S.C.A. § 157(a) (Supp.1986), this court has referred "all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11, or arising in or related to a case under Title 11, to the Bankruptcy Judge for the District of North Dakota, for consideration and resolution consistent with the law." Local Bankruptcy Rule 2. Pursuant to section 157(d) and Local Bankruptcy Rule 3(b), this court may withdraw reference of any proceeding for cause shown. A decision to withdraw reference under this provision, though discretionary, requires that cause for the withdrawal be demonstrated. MPC asserts that the damage issues to be determined on the motion are more like damage questions routinely appearing in district court than like issues routinely appearing in bankruptcy court, that resolution of the question requires no "special bankruptcy expertise," and that bankruptcy courts do not routinely address punitive damages questions.

Section 157(d) does not define "cause" for permissive withdrawal of reference. Emerging case law requires that there be some substantial reason for the withdrawal. *Boatman v. C.V. Industries, Inc.,* 51 B.R. 574 (D.Conn.1985); *In re Lion Capitol Group,* 48 B.R. 329 (S.D.N.Y.1985). This court concludes that MPC has not demonstrated a substantial reason for withdrawal. The Bankruptcy Court, having presided at the trial, is familiar with the case. This court therefore perceives little economy of judicial resources by withdrawal of reference. Though the issue to be determined on the motion for judgment under section 303(i) is not one often faced by bankruptcy courts, it is a question arising under a provision of the Bankruptcy Code.

The question is properly addressed by the Bankruptcy Court in the first instance.

For the foregoing reasons, IT IS ORDERED:

1). The motion of Midwest Processing Company to withdraw reference to the Bankruptcy Court of the motion for judgment under 11 U.S.C. § 303(i) is denied.

2). The motion of Basin Electric Power Cooperative for oral argument on the motion is denied.